IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW MILLER,

    Plaintiff,

v.            CIVIL ACTION NO. 2:14-cv-16868

DAVID BALLARD, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are the defendants' second Motion for Summary Judgment [ECF No. 145] and the plaintiff's cross Motion for Summary Judgment [ECF No. 178]. The defendants argue that the plaintiff failed to exhaust his administrative remedies, and for that reason, they are entitled to summary judgment. For the reasons stated below, the defendants' Motion for Summary Judgement [ECF No. 145] is **GRANTED**, and the plaintiff's cross Motion for Summary Judgment [ECF No. 178] is **DENIED**.

I.  Background

This is an Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983 regarding conduct that occurred between the plaintiff and the defendants on November 19, 2013.

The plaintiff is currently serving a criminal sentence at Mount Olive Correctional Complex ("MOCC") and has been detained there since November 3, 2010. On November 19, 2013, defendants Miller and Ward were outside the plaintiff's cell preparing to conduct a cell search when they observed the plaintiff pouring a liquid substance down his toilet. Defendant Miller ordered the plaintiff to stop. Subsequently, defendant Ward sprayed Oleoresin Capsicum ("pepper spray") into the plaintiff's cell. Defendant Blagg deployed a taser against the plaintiff three separate times. The plaintiff was then removed from his cell, decontaminated, and placed in a restraint chair for eight hours. *See* Proposed Findings & Rec. 2 [ECF No. 129].

The record reveals that the plaintiff has filed many grievances related or in response to being pepper sprayed, tasered, and placed in a restraint chair on November 19, 2013 by the defendants ("The Event"). These grievances will be individually addressed in Section III of this Opinion.

In their Answer to the Amended Complaint, the defendants assert, as their twenty-sixth affirmative defense, that the plaintiff failed to exhaust his administrative remedies with respect to The Event. Answer to Am. Compl. [ECF No. 79]. However, the defendants filed their first Motion for Summary Judgment on July 14, 2016 and did not argue that the plaintiff failed to exhaust his administrative remedies. Defs. Mot. Summ. J. [ECF No. 116]; Mem. Law Supp. Defs.' Mot. Summ. J. [ECF No. 117]. The court granted in part and denied in part the defendants' first Motion for Summary Judgment, and this case was scheduled for trial. Order [ECF No. 131].

Because this case was going to trial, on May 15, 2017, Lydia Milnes entered an appearance as counsel for the plaintiff who had, up until that point, been proceeding *pro se*. Notice of Appearance [ECF No. 135]. On June 26, 2017, Ms. Milnes filed a motion to reopen discovery for a limited period. Unopposed Mot. Reopen Disc. [ECF No. 137]. On July 14, 2017, Ms. Milnes filed a motion to withdraw as counsel for the plaintiff. Mot. Withdraw [ECF No. 138]. Simultaneously with granting Ms. Milnes motion to withdraw, Order [ECF No. 142], the court granted the plaintiff's unopposed motion to reopen discovery and set a full scheduling order, including a new deadline for the filing of dispositive motions. Order [ECF No. 141]. The defendants' second Motion for Summary Judgment, alleging the failure to exhaust administrative remedies, was filed on July 26, 2017, pursuant to the new deadline.

The plaintiff has filed two responses to the defendants' Motion for Summary Judgment arguing that he exhausted his administrative remedies. He points to grievance Nos. 14-MOCC-Q2-530 and 15-MOCC-Q2-28 as evidence that he exhausted his administrative remedies. Resp. by Pl. in Opp'n 1 [ECF No. 147]; *see* Resp. (add'l) by Pl. in Opp'n 1 [ECF No. 165].

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the

court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

III. Discussion

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's "exhaustion requirement applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Additionally, the exhaustion requirement applies regardless of the relief sought or offered through the administrative process. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

In addition, "the PLRA['s] exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires that the inmate follow all of the prison's grievance procedures so that "the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. "[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

A prison inmate's failure to exhaust administrative remedies is an affirmative defense, and as such, is required to be pleaded by the defendant in its answer. *Jones v. Bock*, 549 U.S. 199, 212 (2007); Fed. R. Civ. P. 8(c). It is not a basis for dismissal for lack of subject matter jurisdiction as the defendants argue in their memorandum of law supporting their motion for summary judgment. *See* Mem. Law Supp. Defs.' Mot. Summ. J. 3–7; *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 534 (7th Cir. 1999) ("Failure to exhaust administrative remedies [as required by the PLRA] does not deprive a court of jurisdiction."); *see also Zhong v. U.S. Dep't of Justice*, 489 F.3d 126, 133 (2nd Cir. 2007) (noting the PLRA exhaustion requirement is "non-jurisdictional").

However, the district court must resolve disputes regarding exhaustion prior to any consideration of the merits of the underlying claim. *See Messa v. Goord*, 652 F.2d 305, 308–09 (2nd Cir. 2011).

To evaluate the grievances in this case for exhaustion, I turn first to the relevant procedures for submitting and appealing a grievance regarding an inmate's treatment by prison staff at MOCC. Then, I will evaluate each grievance related to The Event filed by the plaintiff to determine if it has been submitted and fully appealed in accordance with such grievance procedures.

### a. MOCC Grievance Procedures

A review of the West Virginia Code of Rules in effect on November 19, 2013 reveals the following provisions regarding inmate grievance procedures at MOCC. First, the West Virginia Code of Rules expressly states that proper exhaustion requires an inmate to comply with all procedures set out in the inmate grievance procedure. "Any inmate who fails to fully and properly comply with the provisions set forth in this Rule shall not be considered to have taken full advantage of administrative remedies afforded him/her and therefore has not exhausted administrative remedies." W. Va. Code R. § 90-9-3.4.

To initiate the grievance process, an inmate is required to file his grievance with the Unit Manager regarding an occurrence within fifteen (15) days of that occurrence. W. Va. Code R. § 90-9-4.1. The Unit Manager is required to determine (a) whether the grievance was filed in a timely manner; (b) whether the grievance contains excessive pages; (c) whether the grievance is not submitted in the proper

6

format; and (d) whether the grievance seeks to discuss matters that were previously addressed in a prior grievance. W. Va. Code R. § 90-9-4.4. If the Unit Manager determines any of these four defects are present, he must reject the grievance. *Id.* The inmate may correct procedural deficiencies within five (5) days of rejection only if the deficiency is due to excessive pages or improper formatting. *Id.* While an inmate may appeal a rejection, such an appeal concerns only the Unit Manager's reason for rejection and does not reach the merits of the grievance. *Id.* For grievances properly filed, the Unit Manager is required to respond within five (5) days. W. Va. Code R. § 90-9-4.5. If the Unit Manager fails to respond in that time frame, the inmate may treat the non-response as a denial of the grievance and may proceed to appeal the grievance to the Warden/Administrator. *Id.*

Once the inmate receives a response from the Unit Manager on the merits, the inmate has five (5) days to appeal that response to the Warden/Administrator. W. Va. Code R. § 90-9-5.1. On appeal, the Warden/Administrator is required to determine (a) whether the grievance was filed in a timely manner; (b) whether the grievance contains excessive pages; (c) whether the grievance is not submitted in the proper format; and (d) whether the grievance seeks to discuss matters that were previously addressed in a prior grievance. W. Va. Code R. § 5.3. If the Warden/Administrator determines any of those four defects is present, he must reject the appeal. *Id.* If the grievance is properly appealed, the Warden/Administrator is required to respond to the appeal within five (5) days. W. Va. Code R. § 90-9-5.4. A grievance that is not properly submitted on appeal to the Warden/Administrator must be rejected. *Id.*

Once the inmate receives a response from the Warden/Administrator on the merits (or the Warden/Administrator has not responded in five (5) days as required), the inmate has five (5) days to appeal the Warden/Administrator's decision to the Commissioner. W. Va. Code R. § 90-9-6.1. Appeals to the Commissioner must contain exactly one grievance per envelope. *Id.* The Commissioner is also required to determine (a) whether the grievance was filed in a timely manner; (b) whether the grievance contains excessive pages; (c) whether the grievance is not submitted in the proper format; and (d) whether the grievance seeks to discuss matters that were previously addressed in a prior grievance. W. Va. Code R. § 90-9-6.3. If the Commissioner determines any of those four defects is present, he must reject the appeal. *Id.* If the grievance is properly appealed from the Warden/Administrator, the Commissioner is required to respond to the appeal within ten (10) days. W. Va. Code R. § 90-9-6.4. A grievance that is not properly submitted on appeal to the Warden/Administrator must be rejected. *Id.*

"A rejected grievance *does not exhaust the grievance process* or that step of the process." *Id.* (emphasis added)

### b. Relevant Grievances

On October 5, 2017, the court ordered the defendants to supplement the record with Grievance No. 13-MOCC-Q2-1810 as well as any other grievances filed by the plaintiff between November 19, 2013 and May 23, 2014 that related to The Event. Ord. [ECF No. 187]. On October 12, 2017, the defendants complied with the court's order and filed the responsive grievances (in addition to numerous non-responsive

8

grievances). Not. Compliance [ECF No. 188]. I will address each relevant grievance to determine if the plaintiff exhausted his administrative remedies.

### i. Grievance No. 13-MOCC-Q2-1810

Grievance No. 13-MOCC-Q2-1810 relates to The Event because it states: "Nov. 19.13 placed in chair for 8 hrs after being maced then tazered 15 seconds [indecipherable] an made to do the whole 8 hrs." Not. Compliance Ex. A, at 2 [ECF No. 188-1]. While the grievance appears to have been timely submitted to the Unit Manager on November 24, 2013, it was not timely appealed to the Warden/Administrator. The Unit Manager responded on November 25, 2013; however, the appeal to the Warden/Administrator was not filed until December 5, 2013, six (6) days beyond the permissible five (5) day window for appeals. Additionally, the grievance was never appealed to the Commissioner. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 13-MOCC-Q2-1810.

### ii. Grievance No. 13-MOCC-Q2-1814

Grievance No. 13-MOCC-Q2-1814 relates to The Event because it states: "Nov. 19.13 ([indecipherable]) C.O. Miller an others mace me for pouring out juice in my toilet in Q2 712 (?) I never showed a sign of violence (indecipherable) at all, all I done is poured out my juice then mace." Mot. by Andrew Miller Summ. J. Ex. 1, at 2 [ECF No. 178-1]. While the grievance was timely submitted to the Unit Manager on November 24, 2013, it was rejected by the Unit Manager because the issue had been previously addressed in Grievance No. 13-MOCC-Q2-1810. *See* W. Va. Code R. § 90-

9

9-4.4 (requiring rejection of a grievance seeking to present an issue already addressed). The grievance was appealed to the Warden/Administrator and to the Commissioner, and at both stages, it was rejected for procedural deficiencies. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 13-MOCC-Q2-1814.

### iii. Grievance No. 13-MOCC-Q2-1815

Grievance No. 13-MOCC-Q2-1815 relates to The Event because it states: "Nov. 19.13 C.O. Miller an staff tazered me 15 sec 10 sec to long I thought I'm gone die all because I dumped out the juice in a non-violent manner." Mot. by Andrew Miller Summ. J. Ex. 1, at 4. This grievance suffers from the same deficiencies as Grievance No. 13-MOCC-Q2-1814. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 13-MOCC-Q2-1815.

### iv. Grievance No. 14-MOCC-Q2-629

Grievance No. 14-MOCC-Q2-629 relates to The Event because it states: "Name of C.O that tazered me 3x on Nov. 19, 2013." Not. Compliance Ex. A, at 66. This grievance was submitted on May 5, 2014, significantly more than 15 days after The Event occurred on November 19, 2013. As noted above, inmates have 15 days to submit their initial grievance on a matter. W. Va. Code R. § 90-9-4.1. Therefore, Grievance No. 14-MOCC-Q2-629 was untimely submitted. If a grievance is untimely, the Unit Manager is required to reject it, and a rejected grievance fails to exhaust the inmate's administrative remedies. W. Va. Code R. § 90-9-4.4; W. Va. Code R. § 90-9-

6.4. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 14-MOCC-Q2-629.

### v. Grievance No. 14-MOCC-Q2-366

Grievance No. 14-MOCC-Q2-366 relates to The Event because it states: "Placed in restraint chair for 8 hrs after being maced and tazered 15 seconds for dumping out juice." Not. Compliance Ex. A, at 74. This grievance was submitted to the Unit Manager on March 19, 2014, significantly more than 15 days after The Event. This grievance suffers from the same deficiencies as Grievance No. 14-MOCC-Q2-629. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 14-MOCC-Q2-366.

### vi. Grievance No. 13-MOCC-Q2-1876

Grievance No. 13-MOCC-Q2-1876 relates to The Event because it states: "Placed in chair 8 hrs after maced an[d] tazered by C.O. Miller." Not. Compliance Ex. A, at 76. This grievance was submitted to the Unit Manager on December 11, 2013, 22 days after The Event occurred on November 19, 2013. Although this grievance does not appear to have been timely filed, the plaintiff received a response on the merits from both the Unit Manager and the Warden/Administrator. However, he did not appeal the Warden/Administrator's determination to the Commissioner. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 13-MOCC-Q2-1876.

### vii. Grievance NO. 14-MOCC-Q2-136

Grievance No. 14-MOCC-Q2-136 relates to The Event because it states: "C.O. Miller & team mace me tazerd me an[d] put me in restraint chair 8 hrs then on b.m.p. 6 months." Not. Compliance Ex. A, at 78. This grievance was submitted to the Unit Manager on February 3, 2014. The following day, it was rejected by the Unit Manager for being incomplete and not specifying dates and times of the issue complained about. The plaintiff appealed this rejection to the Warden/Administrator, and the Warden/Administrator rejected the appeal on the same grounds. As previously stated, a rejection does not exhaust the grievance. Accordingly, I **FIND** that the plaintiff did not exhaust his administrative remedies with respect to Grievance No. 14-MOCC-Q2-136.

### viii. Grievances Nos. 14-MOCC-Q2-530 and 15-MOCC-Q2-28

In his response to the defendants' Motion for Summary Judgment, the plaintiff claims that he exhausted his administrative remedies with respect to The Event via Grievances Nos. 14-MOCC-Q2-530 and 15-MOCC-Q2-28. Resp. by Pl. in Opp'n 1; *see* Resp. (add'l) by Pl. in Opp'n 1. Grievance No. 14-MOCC-Q2-530 states the nature of the grievance as "medical." Resp. by Pl. in Opp'n. Ex. A, at 3 [ECF No. 147-1]. It requests "proper medical attention to resolve the conflict." *Id.* The plaintiff submitted Grievance No. 14-MOCC-Q2-530 to the Unit Manager on April 23, 2014. *Id.* Grievance No. 15-MOCC-Q2-28 states the nature of the grievance as "medical." Resp. by Pl. in Opp'n. Ex. A, at 1. It requests "treatment to resolve the problem" as relief.

*Id.* The plaintiff submitted Grievance No. 15-MOCC-Q2-28 to the Unit Manager on January 25, 2015. *Id.*

Based on the submission dates alone, both grievances would be untimely if they were related to The Event, which occurred on November 19, 2013. However, it is clear that these grievances do not relate to The Event based on the nature of the issue complained about in each one. Grievances regarding medical treatment are not grievances regarding excessive use of force by correctional officers on inmates.

Accordingly, I **FIND** that Grievance Nos. 14-MOCC-Q2-530 and 15-MOCC-Q2-28 do not relate to The Event, and I **FIND** the plaintiff did not exhaust his administrative remedies regarding The Event via Grievance Nos. 14-MOCC-Q2-530 and 15-MOCC-Q2-28.

## IV. Conclusion

Under the PLRA, the defendants are entitled to judgment as a matter of law if the inmate fails to exhaust his administrative remedies. This is so even when, as here, a prisoner has made most serious allegations of mistreatment by prison officials. Having reviewed the record, I **FIND** that the plaintiff failed to exhaust his administrative remedies regarding The Event that occurred on November 19, 2013, where the defendant correctional officers pepper sprayed and tasered the plaintiff, and then placed him in the restraint chair for eight hours and which is the subject of the present lawsuit. The defendants' second Motion for Summary Judgment [ECF No. 145] is **GRANTED**. The plaintiff's cross Motion for Summary Judgment [ECF No. 178] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE